RITA W. GRUBER, Chief Judge
Ryan Hudson appeals from the Saline County Circuit Court's order awarding attorney's fees to his ex-wife, Christa Hudson. The fees were awarded for services rendered in a dispute regarding the proper amount of child support due by Mr. Hudson under the parties' divorce decree. On appeal, he argues that the circuit court had no appropriate legal or factual basis to grant Ms. Hudson's petition and, therefore, that it erred in awarding attorney's fees. We reject his arguments and affirm the circuit court's award.
The parties were divorced by decree entered on July 20, 2016. The court awarded them joint custody of their two minor children with primary physical custody to Ms. Hudson. Mr. Hudson had been employed before the divorce, and at all relevant times after the divorce, as a full-time detective with the Little Rock Police Department (the LRPD). To earn additional income, he had also worked overtime at the LRPD, for which he received overtime pay or "comp time," and "off duty" jobs.[1]
*904 The divorce decree provided the following regarding child support:
13. Child Support: Husband's income for child support purposes is calculated based on his net, regular wages with the LRPD plus imputed income for off-duty work based on the parties' 2015 federal and state tax returns. Accordingly, Husband shall pay child support in the sum of $923.00 monthly (or $426.50 biweekly; $499.50 semi-monthly; $230.75 weekly) based on a net income of $4,350.00 per month. Beginning in January 2017, Husband shall pay child support on his regular LRPD wages only plus 21% of the net amount of any off-duty income. The additional percentage shall be calculated on a quarterly basis. Husband shall provide to Wife his paystubs or other proof of additional income on a quarterly basis along with his quarterly child support calculation.
In December 2016, Mr. Hudson sent Ms. Hudson's attorney a paycheck stub along with a proposed order to reduce his child support. Ms. Hudson then served interrogatories on Mr. Hudson requesting pay information-including paychecks, overtime, farm income, and other documentation. When he failed to timely respond to her request, Ms. Hudson filed a motion for modification of child support. On April 19, 2017, Ms. Hudson filed a motion to dismiss Mr. Hudson's request that child support be reduced, contending that he had failed to provide necessary information, including answers to interrogatories and tax information. The court held a hearing on April 24, 2017, during which Mr. Hudson admitted that he had not filed a tax return and that, while he had provided his W-2s, expense reports, income, and other documentation to his CPA, he had not given this information to Ms. Hudson in spite of her request for it. Because no evidence was presented and the court had no information that Mr. Hudson had made money in addition to that evidenced by his paycheck stub, the court denied Ms. Hudson's motion to dismiss.
On June 23, 2017, Ms. Hudson filed a motion for clarification of the following provision in the divorce decree: "Beginning in January, 2017, Husband shall pay child support on his regular LRPD wages only plus 21% of the net amount of any off-duty income." The court held a hearing on June 28, 2017, to "figure out what amount of child support, if any, is owed or has been overpaid; and then, obviously calculating what the amount of child support shall be moving forward." There was ample testimony from the LRPD administrative-services manager and from Mr. Hudson regarding comp time and overtime payments and how it is treated in an employee's paycheck. At one point during the hearing, the court said that it was confused and was "really thinking about appointing a special master."
In a letter opinion dated June 29, 2017, the court clarified its divorce decree regarding child support from 2017 forward and determined Mr. Hudson's income for child-support purposes. In setting forth its proposed findings, the court said it was "struck by how disingenuous" Mr. Hudson's counsel's argument was regarding Mr. Hudson's fluctuating paychecks. The court noted that the reduction in Mr. Hudson's paycheck from 2016 to 2017 was not due to any job change or change in duties and specifically found credible the LRPD administrator's testimony that opting between "comp time" and "comp pay" was at Mr. Hudson's discretion. The court said it was clear that Mr. Hudson had opted to take time instead of money "to the tune of approximately $7500 in value over a six-month *905 period. The fact that this case has been pending during the time Mr. Hudson made these choices is not lost on the court." (Emphasis in original.) The court went on to note that it was "irritated by a terrible argument" but would not "ignore" its true belief about the most "equitable way forward." The court concluded the letter by stating that Ms. Hudson's counsel should submit a formal request for attorney's fees. The court entered an order setting forth its findings on August 11, 2017.
In her petition requesting attorney's fees, Ms. Hudson contended that Mr. Hudson's failure timely to produce the requested information, and his production of some of the documentation at the hearings, significantly prolonged both hearings. She argued that this type of post-decree hearing should have taken no more than two to three hours to prepare and try but alleged that she had spent over twenty hours due to Mr. Hudson's failure to answer interrogatories timely, provide documents until the hearings, or file tax returns.
The court entered an order granting Ms. Hudson's petition for fees, finding that its original decree had set a different definition for Mr. Hudson's income beginning in January 2017 and that Mr. Hudson had set forth a calculated amount of income that was "deficient and based upon legal theories so flawed as to draw a rebuke from the court-after months and months of unnecessary litigation." The court recognized that Ms. Hudson was required to pay an attorney to refute these theories through pleadings and two hearings in order to receive the proper amount of child support under the original court order. The court found that the case progressed as an action by Ms. Hudson to enforce her rights to the proper amount of child support under the decree, which fell under Ark. Code Ann. § 9-12-309 (Repl. 2015), permitting an award of attorney's fees in child-support-enforcement actions. The court awarded $6,369 in attorney's fees, as requested in the petition. The court specifically found the requested amount was justified and proper based on the amount of preparation and court time and the experience level of Ms. Hudson's attorney.
On appeal, Mr. Hudson brings the following points: (1) the circuit court lacked statutory authority to grant the fee petition; (2) fees were not authorized under Arkansas Rule of Civil Procedure 37 for a discovery dispute; (3) the fees awarded are unreasonable after application of the Chrisco factors; (4) the circuit court erred by awarding attorney's fees for work unrelated to the contested issue; and (5) the circuit court abused its discretion by finding Mr. Hudson's legal arguments "flawed," "disingenuous," and "insulting."
We address Mr. Hudson's first, second, and fourth points together. Essentially, he argues that the circuit court lacked authority to grant the fee petition-under either Arkansas Code Annotated § 9-12-309[2] or Arkansas Rule of Civil Procedure 37 for a discovery dispute. He also argues that the court awarded fees for work unrelated to the issue of support and that such fees are not recoverable. Mr. Hudson claims that fees are allowed pursuant to the statute only during the pendency of a divorce case or for post-decree litigation involving the enforcement of prior support orders. He argues that the court's clarification or interpretation of its support order does not constitute the "enforcement" of a support order and that the *906 court therefore erred in awarding fees in this case.
Although, as a general rule, attorney's fees are not allowed in the absence of a statute permitting their allowance, a circuit court has the inherent power to award attorney's fees in domestic-relations proceedings. Vice v. Vice , 2016 Ark. App. 504, at 9-10, 505 S.W.3d 719, 725. In Vice , the appellant argued that the circuit court lacked statutory authority to award attorney's fees where it had terminated child support for one of the appellant's children and had ordered continued child support to be paid for an adult, disabled daughter. The court rejected the appellant's argument, holding the circuit court had the inherent authority to award fees in a domestic-relations case and that "no statutory authority is required." Id. at 10, 505 S.W.3d at 725; see also French v. French , 2011 Ark. App. 612 (affirming award of attorney's fees in post-divorce-decree case in which circuit court amended its decree regarding division of appellant's federal pension and enforcing the decree's provisions regarding debt repayment). Thus, the court had the inherent authority to award attorney's fees in this case independent of Ark. Code Ann. § 9-12-309 or Rule 37 of the Arkansas Rules of Civil Procedure. Therefore, we also reject appellant's argument that the fees were not recoverable for "work unrelated to the contested issue."
Mr. Hudson also argues that the fees awarded are unreasonable after application of the Chrisco factors. See Chrisco v. Sun Indus., Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). We have held that an analysis of the Chrisco factors is no longer required in domestic-relations cases when considering an award of attorney's fees. Tiner v. Tiner , 2012 Ark. App. 483, at 16-17, 422 S.W.3d 178, 187. In these matters, the circuit court is in a better position than we to evaluate the services of counsel and observe the parties, their level of cooperation, and their obedience to court orders. Friend v. Friend , 2010 Ark. App. 525, at 13, 376 S.W.3d 519, 527. Due to its intimate acquaintance with the record and the quality of services rendered, we usually recognize the superior perspective of the circuit court in assessing the applicable factors in these cases. Fallin v. Fallin , 2016 Ark. App. 179, at 15, 492 S.W.3d 525, 534. Whether the circuit court should award fees and the amount thereof are matters within its discretion. Vice , 2016 Ark. App. 504, at 10, 505 S.W.3d at 725.
In the case at bar, the circuit court had entered the divorce decree, presided over the hearings to determine the appropriate amount of child support, reviewed the parties' pleadings and briefs, considered the evidence and arguments, and specifically found in its order awarding fees that the amount requested was justified and proper based on the amount of preparation and court time and the experience level of Ms. Hudson's attorney. The court was not required to render findings on the Chrisco factors, and its fee award is not an abuse of its discretion.
Finally, Mr. Hudson contends that the circuit court abused its discretion by finding Mr. Hudson's legal arguments "flawed," "disingenuous," and "insulting." In its letter opinion dated June 28, 2017, the court said it was "struck by how disingenuous" and "insulting" Mr. Hudson's counsel's argument was, and it noted in its order awarding fees that Mr. Hudson's calculated amount of income was deficient and based upon "flawed" legal theories. He asks us to reverse these "findings" and remand for a reconsideration of the fee award by holding that his arguments were "reasonable." First, two of the allegedly *907 inaccurate adjectives used by the court to describe Mr. Hudson's arguments were in a letter opinion. It was not a final order and was not incorporated into a final order. A final order on the issues was entered on August 11, 2017. Even if a circuit court's uncharitable characterization of a party's arguments ever constitutes a "finding," statements in a letter opinion that is not a final order are not such findings. The court's order awarding fees did refer to Mr. Hudson's "flawed" legal theories, but Mr. Hudson has cited no authority for us to "reverse" this statement. We will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument and it is otherwise not apparent without further research that the argument is well taken. Dodson v. Allstate Ins. Co. , 345 Ark. 430, 460, 47 S.W.3d 866, 886.
Affirmed.
Virden and Whiteaker, JJ., agree.

After the divorce, he started farming, although it was not clear whether he had earned any income from farming at the time of the hearing.

Arkansas Code Annotated section 9-12-309 authorizes a court to award attorney's fees "for the enforcement of alimony, maintenance, and support provided for" in a divorce decree.