Cite as 2021 Ark. App. 410

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-20-751

|  |  |
|---|---|
| KRISTI PRIESMEYER (NOW RAMOS)<br>APPELLANT<br><br>V.<br><br>DANIEL HUGGINS, JR.<br>APPELLEE | Opinion Delivered October 27, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04DR-19-1096]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

Appellant Kristi Priesmeyer appeals from an order of the Benton County Circuit Court that granted custody of JH to appellee Daniel Huggins; imputed income to Kristi and ordered her to pay child support; and ordered her to pay attorney's fees and costs. On appeal, Kristi challenges the court's award of custody on the ground that, under Arkansas law, a biological parent who has not been declared unfit has a preference over a person who stands in loco parentis to the child, as well as the awards of child support and attorney's fees and costs. We reverse and remand.

The parties were involved in a romantic relationship in the fall of 2008 and began to cohabitate. JH was born on July 17, 2009. The relationship ended about a year after JH's birth, at which point Kristi moved out. Thereafter, the parties basically shared equal time with JH. This arrangement worked remarkably well until Kristi remarried in January 2019,

moved to Little Rock in March, and wanted JH (then nine years old) to move to Little Rock at the end of the summer break.

On July 2, 2019, Daniel filed a petition for paternity alleging that the parties were not married at the time of JH's conception or birth; he was listed on the birth certificate as the father; and he was the biological father.[1] He requested that he be determined to be JH's father and requested full custody subject to Kristi's right to visitation. On August 9, 2019, Kristi answered stating that Daniel was not listed as the father on the original birth certificate but that it was amended in 2015 to list him as the father. Kristi answered that she did not have sufficient knowledge to confirm or deny whether Daniel was JH's biological father.

On August 14, 2019, Kristi filed a counterclaim to establish paternity and for support. She alleged that she and Daniel had engaged in sexual intercourse during the time period JH was conceived and claimed she did not have sexual intercourse with any other man prior to conception. She asked the court to make a finding of paternity and requested child support. She alleged that upon a finding of paternity, Daniel should be required to pay the "lying in expenses" she incurred and maintain a policy of medical insurance, if available, through his employer. In his response, Daniel denied the allegation that he was JH's biological father and alleged that he had been standing "in loco parentis as [JH's] father since birth."[2]

---

[1]We note that the terms biological parent and natural parent have been used interchangeably throughout the case. This is also true in our case law. For clarity, however, we will use the term biological parent.

[2]There was testimony at the final hearing that Daniel had conducted an at-home paternity test, which indicated he was not JH's biological father.

Daniel filed an amended petition for paternity on August 29, 2019, alleging that because he was listed as father on the birth certificate and that because he stood in loco parentis to JH his entire life, paternity should be established in him. In her answer, Kristi admitted that Daniel stood in loco parentis to JH. On October 30, 2019, Daniel filed a second amended petition alleging that he is JH's biological father and, alternatively, that he has established his rights as a parent under the doctrine of in loco parentis. In her answer, Kristi alleged that Daniel is not the biological father and attached the results of a DNA paternity test as proof.

On December 3, 2019, Daniel filed a third amended petition for paternity. This time, he alleged that he had signed an acknowledgement of paternity on April 25, 2014, which was attached to the petition. He stated that he was the proper person to have full custody of JH subject to Kristi's visitation. Kristi admitted in her answer that Daniel signed an acknowledgement of paternity but affirmatively pled that the DNA test results revealed that Daniel is not JH's biological father. Kristi amended her counterclaim on May 12, 2019, seeking a determination that Daniel stood in loco parentis and an award of support.

Kristi moved for summary judgment on June 18, 2020, requesting a determination as to paternity and custody. She claimed that the DNA test revealed Daniel is not JH's biological father. Kristi argued that under the law, custody of a minor child by a biological parent must prevail unless it is established that the biological parent is unfit. *See Stamps v. Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988). She also claimed that Daniel's third amended petition failed to assert paternity or that he stood in loco parentis. In his response, Daniel claimed that since 2009, he had been under the impression that he was JH's biological father

3

and had raised him as his son. He added that he initially filed the petition for paternity on that basis and amended it to maintain his paternity rights regardless of the DNA results because he had stood in loco parentis. Daniel also responded that a "signed and filed Acknowledgement of Paternity stands on its own to legally establish paternity." As such, he responded that he did not fail to assert paternity but attached the document that established his paternity. He argued that under Arkansas Code Annotated section 9-10-108, the acknowledgement "shall constitute a prima facie case of establishment of paternity." Daniel further argued that the only person who can rebut this paternity presumption is the putative father. Kristi replied that Daniel cited no authority for his contention that the "prima facie case" could only be rebutted by the putative father and that it was moot because of the DNA results.

At the outset of the final hearing on August 5, 2020, the court heard argument from counsel on the motion for summary judgment. The court ruled on the record, granting partial summary judgment only as to paternity. In the August 14, 2020 order, the court found that Daniel had signed the acknowledgment of paternity "creating a presumption of paternity pursuant to Ark. Code Ann. § 9-10-120"; the court-ordered DNA test revealed a zero percent probability of paternity; Daniel is not JH's biological father; and the presumption of paternity is rebutted. The court further found that Daniel stands in loco parentis to JH and that there "is no advantage of any kind to [Kristi], as the natural parent, over [Daniel], for purposes of an award of custody of the minor child. Specifically if the Court determines neither party is unfit, the parties are equals in terms of an award of custody of the minor child."

4

Kristi and Daniel were the only witnesses to testify at the hearing. Following the testimony and argument of counsel, the court ruled from the bench. In the order entered August 28, 2020, the court found that although Daniel is not the biological father, he stands in loco parentis to JH; both parties are fit and proper parents; the parties exercised approximately equal time with JH prior to Kristi's relocation in 2019; and due to Kristi's relocation, joint custody is no longer possible. The court further found that it was a "relocation case"; applied the "relocation factors" and awarded Daniel primary custody; imputed $70,000 of income to Kristi and ordered her to pay child support; ordered the parties to equally share the cost of the ad litem's fees; and ordered Kristi to pay Daniel's attorney's fees and costs.

On September 17, 2020, Kristi filed a notice of appeal from the August 28 order "wherein the court: (a) awarded custody of Defendant's minor child to Plaintiff, who is not a [biological] parent, but stands in loco parentis; (b) imputed income to Defendant for the purposes of child support; (c) ordered child support be paid by Plaintiff;[3] and (d) awarded attorney fees and costs to be paid by Defendant to Plaintiff."

In *McCrillis v. Hicks*, 2017 Ark. App. 221, 518 S.W.3d 734, this court reviewed a child-custody determination that involved a biological parent and a person who was found to have stood in loco parentis to the child when the custody action was filed. We set out the following standard of review, which is applicable in the present case:

> This court has traditionally reviewed matters that sound in equity de novo on the record with respect to factual questions and legal questions. *Daniel v. Spivey*, 2012 Ark. 39, 386 S.W.3d 424. We will not reverse a finding made by the circuit court unless it is clearly erroneous. *Id.* We have further stated that a circuit court's finding

[3]This appears to be a scrivener's error because Kristi was ordered to pay child support.

5

is clearly erroneous when, despite supporting evidence in the record, the appellate court viewing all of the evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Hunt v. Perry*, 357 Ark. 224, 162 S.W.3d 891 (2004). This deference to the circuit court is even greater in cases involving child custody or visitation, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Alphin v. Alphin*, 364 Ark. 332, 219 S.W.3d 160 (2005).

*McCrillis*, 2017 Ark. App. 221, at 14, 518 S.W.3d at 743.

The circuit court held that Kristi is the biological mother; Daniel is not the biological father but stands in loco parentis to JH; and neither party is unfit. Based on these findings, Kristi argues that the court's decision to award Daniel custody is in violation of Arkansas law, which states that the custody of a minor child by a biological parent must prevail unless it is established that the natural parent is unfit. She cites both *Stamps*, *supra*, and *McCrillis*, *supra*.

In *McCrillis*, we reversed the circuit court's award of joint custody to a party that stood in loco parentis to the child based on our supreme court's holding in *Stamps*. In *Stamps*, which was a stepparent-custody case, our supreme court upheld the lower court's decision that a stepparent stood in loco parentis to the son of his ex-wife but reversed the court's modified custody award of "split custody" to the mother and stepfather where each party was found to be fit. The court explained that "our case law specifically established a preference for [biological] parents in custody matters, and provides that the preference must prevail unless it is established that the natural parent is unfit. . . . The preference is based on the child's best interest." *Stamps*, 297 Ark. at 372, 761 S.W.3d. at 935.

6

Here, the court found both parties to be fit and proper parents, and there is no dispute as to this finding on appeal. Therefore, based on our case law, we agree that the circuit court erred and hold that the circuit court's decision to award custody to Daniel was in error.

We note that Daniel does not disagree with the law but disagrees with the circuit court's finding of in loco parentis. In his brief, Daniel argues on appeal that the circuit court clearly erred in not "affirming" him as the biological father of JH but instead finding him to stand in loco parentis to JH. His argument is based on the assertion that the parties executed an acknowledgement of paternity pursuant to Arkansas Code Annotated section 9-10-120, which provides in part:

> (a) A man is the father of a child for all intents and purposes if he and the mother execute an acknowledgment of paternity of the child pursuant to § 20-18-408 or § 20-18-409, or a similar acknowledgment executed during the child's minority.

> (b)(1) Acknowledgments of paternity shall by operation of law constitute a conclusive finding of paternity, subject to the modification of orders or judgments under § 9-10-115, and shall be recognized by the circuit courts and juvenile divisions thereof as creating a parent and child relationship between father and child.

> (2) Such acknowledgments of paternity shall also be recognized as forming the basis for establishment and enforcement of a child support or visitation order without a further proceeding to establish paternity.

Ark. Code Ann. § 9-10-120(a) & (b). We are unable to reach the merits of Daniel's arguments because he has failed to file a notice of cross-appeal.

As discussed in detail above, Kristi filed a motion for summary judgment as to paternity and custody. In the August 14, 2020 order, the court found that Daniel signed the acknowledgment of paternity "creating a presumption of paternity pursuant to Ark. Code Ann. § 9-10-120"; the court ordered a DNA test that revealed a zero percent probability of paternity;  Daniel is not JH's biological father; the presumption of paternity is rebutted; and

7

Daniel stands in loco parentis to JH. In the final custody order filed August 28, 2020, the circuit court also made the findings that Daniel is not JH's biological parent and stands in loco parentis to JH. However, Daniel failed to file a notice of cross-appeal challenging these findings.

Our case law is well settled that when an appellee seeks something more than he or she received in the lower court, a notice of cross-appeal is necessary to give us jurisdiction of the cross-appeal. *Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 464 (2000); *Brown v. Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991). In contrast, a notice of cross-appeal is not necessary when the appellee is not seeking affirmative relief on appeal. *Hasha v. City of Fayetteville*, 311 Ark. 460, 845 S.W.2d 500 (1993). The supreme court has stated that, despite the absence of a notice of cross-appeal, the appellate court will address an appellee's additional points on appeal that explain why the lower court erred in its reasoning but reached the right result. *See Indep. Fed. Sav. & Loan Ass'n v. Davis*, 278 Ark. 387, 646 S.W.2d 336 (1983) (supplemental opinion on denial of rehearing).

In the present case, Daniel argues in his brief that the circuit court erred "when it did not uphold the conclusive finding of paternity created by the voluntary acknowledgement of paternity executed" pursuant to Arkansas Code Annotated section 9–10–120[4] and "in finding [Daniel] in loco parentis because it resulted in a termination of [his] parental rights without due process." Daniel is challenging the circuit court's findings on

---

[4]Pursuant to Arkansas Code Annotated section 9-10-115(d), a person may challenge a paternity establishment pursuant to a voluntary acknowledgement beyond the limitation set forth in Arkansas Code Annotated section 9-10-115(c) only upon an allegation of fraud, duress, or material mistake of fact.

paternity and his standing in loco parentis. He is asking for affirmative relief that he did not receive below. Because Daniel has failed to file a notice of cross-appeal, we are without jurisdiction to address these arguments.[5]

In conclusion, the court found both parties to be fit and proper parents, and there is no dispute as to this finding on appeal. Without a finding of parental unfitness, our courts have never abrogated the custody rights of a biological parent. *McCrillis, supra.* In accordance with our case law, we hold that the circuit court's decision to award custody to Daniel was in error, and we reverse. Because we reverse the award of custody, the awards of child support and attorney's fees are also reversed. *See, e.g., Ellington v. Ellington*, 2019 Ark. App. 395, 587 S.W.3d 237; *Bonds v. Bonds*, 2021 Ark. App. 359, 634 S.W.3d 572. We therefore reverse and remand this case for further action consistent with this opinion.

Reversed and remanded.

HARRISON, C.J., and VIRDEN, J., agree.

*Gunn Kieklak Dennis LLP*, by: *Jennifer Lloyd* and *Brett Roberts*, for appellant.

*Tina Adcock-Thomas*, for appellee.

---

[5]Although we have no jurisdiction to consider Daniel's arguments because no cross-appeal was taken, we further note that he failed to raise these specific arguments below. An appellant may not change the basis for his or her arguments or raise issues for the first time on appeal. *Wilson v. Golen*, 2013 Ark. App. 267, at 6, 427 S.W.3d 723, 726. In response to Kristi's motion for summary judgment, Daniel made no reference to the "conclusive finding" language provided in Arkansas Code Annotated section 9-10-120, although the statute was cited by Kristi in her motion for the proposition that it created a "presumption of paternity." Rather, both parties argued that the acknowledgment of paternity created a prima facie case or presumption of paternity, which the circuit court ultimately found was rebutted by the DNA test. Moreover, Daniel never made a constitutional argument below regarding the alleged termination of his parental rights.