Cite as 2024 Ark. App. 598

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-470

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** December 4, 2024 |
| BEN MOTAL | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| V. | | [NO. 60CV-19-184] |
| | | |
| CITY OF LITTLE ROCK | | HONORABLE MACKIE M. PIERCE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Ben Motal (Mr. Motal) appeals after the Pulaski County Circuit Court found appellee City of Little Rock (the City) in contempt of court and awarded Mr. Motal only $500 instead of the $18,922.39 Mr. Motal had requested for additional litigation costs and attorney's fees as a remedial sanction. Mr. Motal narrowly argues on appeal that the circuit court's assessment of remedial sanctions was arbitrary and against the weight of the undisputed evidence. We affirm.

I. *Relevant Facts*

This is the second time these parties have been before us. In *Motal v. City of Little Rock*, 2020 Ark. App. 308, 603 S.W.3d 557 (*Motal I*), Mr. Motal appealed after the circuit court dismissed his amended complaint filed pursuant to the Freedom of Information Act (FOIA), codified at Arkansas Code Annotated sections 25-19-101 through -110 (Repl. 2015).

The facts of that appeal are more thoroughly set out in *Motal I*, *supra*. In short, Mr. Motal filed an amended complaint after he alleged that he had been the victim of a hit-and-run car accident on October 27, 2018. He further alleged that he made an in-person request under FOIA to the custodian of the accident report to inspect and copy the report by taking a photograph using his personal cell phone. The City, however, refused to allow Mr. Motal to take a photograph of the accident report but instead offered to provide him a copy of the report for a ten-dollar fee. After Mr. Motal filed suit, the City provided Mr. Motal with a digital copy of the accident report. The circuit court dismissed his amended complaint, and Mr. Motal appealed. On appeal, Mr. Motal argued that the circuit court erred in dismissing his amended complaint because (1) the City had violated his rights under FOIA by refusing to allow him to inspect and copy the accident report in question (a public record) by taking a photograph using his personal cell phone, and (2) the City's decision to provide Mr. Motal with an electronic copy of the accident report after he filed suit did not moot his appeal. We agreed and reversed and remanded.

On remand, the circuit court entered a judgment in Mr. Motal's favor on August 15, 2022. In the judgment, the circuit court noted it had already granted partial summary judgment in Mr. Motal's favor and found that the City had failed to comply with FOIA. It further noted that appellant's motion for attorney's fees and costs filed on June 27, 2022, was still pending with the court. Accordingly, the circuit court found that appellant was entitled to an award of attorney's fees and costs pursuant to Arkansas Code Annotated section 25-19-107(d)(1). It therefore ordered that the City pay Mr. Motal $59,150 in

2

attorney's fees and $1,004 in litigation costs, plus interest, within thirty days from the entry of the judgment.

The City did not appeal from this judgment or pay the judgment as ordered. Instead, on September 7, 2022, the City moved to reconsider the judgment pursuant to Arkansas Rule of Civil Procedure Rule 60(a). It argued that it was "substantially justified" in its actions and should not be required to pay attorney's fees and costs. It further argued that the fees Mr. Motal had requested and was awarded were "wholly unreasonable."

While the motion to reconsider the judgment was still pending, Mr. Motal filed his motion for contempt and to enforce orders with incorporated brief on October 20, 2022, which is the subject of this appeal. In his motion, Mr. Motal argued that the City had failed to pay the $60,154 within thirty days of the judgment as ordered. Accordingly, he asked the circuit court to hold the City in contempt for its "willful and ongoing disobedience of the circuit court's August 15, 2022, order." He asked that the circuit court impose civil penalties to compel compliance and that he be awarded reasonable attorney's fees for the time he spent preparing both the contempt motion and his response to the City's previous motion to reconsider the judgment.

On November 8, 2022, the City filed its response to Mr. Motal's motion for contempt and to enforce orders with incorporated brief. In pertinent part, the City argued that Mr. Motal could not be awarded attorney's fees or costs for filing his motion because, even though he is an attorney, he was nevertheless acting pro se. It further argued that the underlying judgment should be modified as the City had requested in its motion to

reconsider the judgment and that it should therefore not be held in contempt. The City requested that the circuit court deny the motion for contempt and to enforce orders and instead grant its motion to reconsider the judgment.

The circuit court filed an order denying the City's motion to reconsider the judgment on November 9, 2022. On January 13, 2023, the circuit court additionally ordered the City to appear and show cause why it should not be held in contempt of court for failing to comply with the court's August 15, 2022, order and why appellant should not be "awarded all relief prayed, including fines and additional attorney's fees occasioned by the contempt." A show-cause hearing was held on January 13, 2023.

On the day of the hearing, Mr. Motal filed an affidavit explaining that he had spent fifty-eight hours of his time in connection with his motion for contempt and responding to the City's motion for reconsideration. He averred that his standard hourly rate for civil litigation and civil appellate work is $325 an hour. Accordingly, he averred that his attorney's fees in connection with both motions totaled $18,850 and that he additionally incurred a total of $72.39 in costs in connection with both motions.

At the hearing, the City admitted that it had not paid the judgment to Mr. Motal directly. It explained that, instead, it had filed its motion for reconsideration, which was subsequently denied. It also explained that it had offered to pay Mr. Motal once he submitted a second "W-9" form. Apparently, Mr. Motal had initially submitted a completed W-9 form, but the City lost it after a former employee deleted it before he left his employment. The City asked that Mr. Motal submit a second form; however, the City

4

claimed that Mr. Motal refused to do so. The City therefore claimed that it had sent a letter on November 18, 2023, explaining that it paid the funds into the registry of the court and maintained that it was Mr. Motal's responsibility to obtain a court order to collect the funds. As such, the City argued that it should not be held in contempt.

Mr. Motal disagreed. He argued that the motion for reconsideration did not toll the time the City had to comply with the court order. He further argued that the court's order did not require him to provide the City with a W-9 before he could receive the funds. Moreover, Mr. Motal argued that it was not his fault the City lost the W-9 he had already provided. Accordingly, Mr. Motal argued that the City should be held in contempt.

The circuit court agreed with Mr. Motal. It orally found the City in contempt, ordered the City to pay Mr. Motal within twenty-four hours or pay a fine of $5,000 a day until paid, and stated that it would consider Mr. Motal's fee request after the City was given an opportunity to respond. A written order was filed on January 30, 2023, and it stated the following:

> The Court hereby orders the City of Little Rock to pay Plaintiff the sum of $60,054 [$60,154.00 MMP] no later than twenty-four hours from the entry of this order. If payment is not received by Plaintiff within twenty-four hours, a remedial fine in the amount of $5,000 (five-thousand dollars) per day shall be imposed on the City until the payment is received by Plaintiff.
>
> It is further ordered that the City of Little Rock will be allowed ten days from the entry of this order to file a response to Plaintiff's request for costs and fees incurred in connection with these contempt proceedings and the City's untimely Motion to Reconsider Judgment, if it wishes to do so.

5

The City did not file any further response, and on March 16, 2023, the circuit court filed the following order:

> On this day came on for consideration Plaintiff's request for costs and fees incurred in connection with recent contempt proceedings and the City's untimely Motion to Reconsider Judgment. The City of Little Rock was afforded an opportunity to respond to Plaintiff's request but has declined to do so. Based on the pleadings and evidence before the Court, the Court finds that Plaintiff reasonably incurred additional litigation costs and attorney's fees in the amount of ~~$18,850.00~~ [$500.00 MP] as a result of the City's contempt. The Court therefore assesses such amount against the City as a remedial sanction for its contempt which is necessary to compensate Plaintiff for his costs incurred in connection with the court proceedings caused by the City's failure to timely comply with the Court's August 15, 2022 order.

> It is therefore ORDERED that the City of Little Rock shall pay the amount of ~~$18,850.00~~ [500.00 MP] to Plaintiff within thirty (30) days of the entry of this order.

Mr. Motal timely appealed from this order pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(13). The City did not file a notice of cross-appeal.

## II. *Standard of Review*

With regard to attorney's fees, as a general rule, such fees are not allowed in the absence of a statute permitting their allowance. *Scudder v. Ramsey*, 2013 Ark. 115, 426 S.W.3d 427. However, we have recognized that it is within the inherent power of a court to allow attorney's fees in certain matters not specifically covered by statute, including contempt proceedings. *Id.* A contempt fine for willful disobedience that is payable to the complainant is remedial and, therefore, constitutes a fine for civil contempt. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004); *see also Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008). The decision to award fees and the amount thereof are matters within the discretion of the circuit court. *Scudder*, *supra*.

6

### III. *Analysis*

Here, in pertinent part, the circuit court awarded Mr. Motal $500 in attorney's fees and costs as a "remedial sanction for [the City's] contempt." Mr. Motal argues that the circuit court's assessment of remedial sanctions was arbitrary and against the weight of the undisputed evidence. He explains that although his affidavit reflected $18,850 in attorney's fees and that amount was included in his proposed order, the circuit court struck through that amount on the proposed order and handwrote the amount of $500 in its place before initialing and signing the order. Mr. Motal argues that we must reverse and remand because the circuit court failed to consider any of the factors discussed in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), nor did it make any specific findings justifying its reduction. Moreover, Mr. Motal argues that it is undisputed that he is entitled to $18,850 in attorney's fees because the City failed to file any additional response contesting the fees listed in his affidavit after being afforded an opportunity to do so. We disagree.

Mr. Motal relies on our supreme court's decisions in *Bailey v. Rahe*, 355 Ark. 560, 142 S.W.3d 634 (2004), and *Abrego v. United Peoples Federal Savings & Loan Ass'n*, 281 Ark. 308, 664 S.W.2d 858 (1984). In *Bailey*, our supreme court reversed and remanded for the circuit court to consider the *Chrisco* factors when awarding attorney's fees. In *Abrego*, our supreme court similarly reversed and remanded for the circuit court to award attorney's fees and costs that "were reasonable, proper, necessary and incurred in good faith and with due diligence." 281 Ark. at 319, 664 S.W.2d at 863. However, neither case involved an award of attorney's fees as a remedial sanction for contempt. *Bailey* was a guardianship case and involved the

7

entitlement to statutorily mandated attorney's fees pursuant to Arkansas Code Annotated section 28-65-319. *Abrego* involved the entitlement to contractually mandated attorney's fees. Here, the circuit court's decision to award attorney's fees and the amount to be awarded rested entirely in its inherent authority and discretion. Accordingly, both cases on which Mr. Motal relies are distinguishable.

In *Tiner v. Tiner*, 2012 Ark. App. 483, 422 S.W.3d 178, we distinguished *Bailey* and other similar cases and held that an analysis of the *Chrisco* factors is not required in domestic-relations cases when considering an award of attorney's fees. *See also Hudson v. Hudson*, 2018 Ark. App. 379, 555 S.W.3d 902. Like the award of attorney's fees in contempt actions, a circuit court has the inherent power to award attorney's fees in domestic-relations proceedings. *Hudson, supra*. In those cases, we have held that the circuit court is not required to conduct an analysis using the *Chrisco* factors or make any particular findings. *Conley v. Conley*, 2019 Ark. App. 424, 587 S.W.3d 241. Rather, in domestic-relations cases, where the court is intimately acquainted with the record and the quality of services rendered, we have held that the circuit court is in a better position than we to evaluate the services of counsel and observe the parties, their level of cooperation, and their obedience to court orders. *Id.*

The rationale for allowing the same broad discretion in awarding fees in domestic-relations cases equally applies to contempt proceedings. Mr. Motal fails to cite a single case that stands for the proposition that a party is entitled to the full amount of attorney's fees requested for successfully litigating a contempt action, nor does he cite a single case requiring a circuit court to provide an explanation or reference to the *Chrisco* factors before reducing

8

a requested fee when attorney's fees are not mandated or allowed by statute but are instead awarded as a contempt sanction. Moreover, Mr. Motal is not entitled to his requested fees simply because the City failed to provide an additional response, as he contends. Arkansas Rule of Civil Procedure 7(b) specifically states that a "court is not required to grant a motion solely because no response or brief has been filed."

Mr. Motal's affidavit stated that he spent fifty-eight hours of his time in connection with both his motion for contempt and his response to the City's motion for reconsideration. Our supreme court has noted that although a circuit court does have the inherent authority to award fees in a contempt matter, that authority does not extend to fees incurred in separate litigation. *Scudder*, *supra*. Accordingly, the circuit court had no authority to award attorney's fees as a contempt sanction for time spent in connection with the City's motion for reconsideration. Further, the circuit court presided over the contempt proceedings and was familiar with the case and the services rendered by Mr. Motal. As such, we cannot say that the circuit court abused its discretion in awarding Mr. Motal only $500 in fees and costs instead of the $18,850 he requested.[1]

Affirmed.

GLADWIN and THYER, JJ., agree.

---

[1]The City argues in its reply brief that Mr. Motal should not have been awarded any attorney's fees because, although he is an attorney, he represented himself in this case. However, the City failed to file a notice of cross-appeal; accordingly, we are without jurisdiction to address this argument. *See Priesmeyer v. Huggins*, 2021 Ark. App. 410, 637 S.W.3d 274.

*Ben Motal*, for appellant.

*Cody J. Pritchard*, Deputy City Attorney, Office of the City Attorney, for appellee.